UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

GARY V. JENKINS :
:
v. : C.A. No. 19-00312-WES
:
STATE OF RHODE ISLAND, :
et al. :

# REPORT AND RECOMMENDATION FOR
# SUMMARY DISMISSAL PURSUANT TO
# 28 U.S.C. § 1915(e)

On June 21, 2019, the Court granted IFP status to Plaintiff and undertook an initial review of his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF Doc. No. 4). Out of deference to Plaintiff's pro se status, Plaintiff was granted leave to file an Amended Complaint to more clearly state his legal claims.

Since that Order, Plaintiff has filed two Motions directed at the Rhode Island Superior Court (ECF Doc. Nos. 5 and 6) and two Amended Complaints (ECF Doc. Nos. 7 and 8). After reviewing these submissions, it is apparent that Plaintiff has not stated any legally viable federal claims and that his Amended Complaints should be dismissed and this case closed.

It appears from the pleadings that Plaintiff is a former City of East Providence Fire Fighter who was represented by Local 850 of the International Association of Fire Fighters, AFL-CIO.[1] From his submissions, it also appears that Plaintiff is involved in an ongoing dispute with the City arising out of his former employment. The City is currently seeking to enforce, in Providence County Superior Court, a purported Settlement Agreement reached with Plaintiff and Local 850 resolving

---

[1] While Plaintiff names the State of Rhode Island as a Defendant, he does not present any factual allegations or assert any viable legal claims against the State. Therefore, it is not properly named in this suit.

such dispute. (See City of East Providence v. Gary Jenkins and Local 850, C.A. No. PM-2018-8786). Plaintiff has moved this Court to stay these state court proceedings and to subpoena state court records.

Plaintiff contends that the Settlement Agreement and Rhode Island state law (R.I. Gen. Laws § 45-19-1) have "stripped [him] of all [his] federal rights." (See ECF Doc. Nos. 7 at p. 1 and 8 at p. 1). However, upon review, Plaintiff has not presently stated any viable federal claims.[2] Rather, his Amended Complaints and Motion to Stay Superior Court proceedings appear to be an improper attempt to involve this Court in and interfere with ongoing state court judicial proceedings in violation of the principles enunciated in Younger v. Harris, 401 U.S. 37 (1971). The Younger abstention doctrine dictates a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982). Plaintiff has shown no extraordinary circumstances or that he will be precluded from asserting any of his claims or defenses to enforcement of the Settlement Agreement in state court.

Accordingly, I recommend that Plaintiff's original Complaint and Amended Complaints be DISMISSED pursuant to 28 U.S.C. § 1915(e) for failing to state a federal claim and pursuant to the Younger abstention doctrine.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the

---

[2] Plaintiff sues both the City of East Providence (his former employer) and IAFF, Local 850 (his union representative), and thus the Court reviewed his Complaints to determine if he was attempting to plead a hybrid Section 301 (29 U.S.C. § 185)/breach of duty of fair representation suit. See Hazard v. S. Union, 275 F. Supp. 2d 214 (D.R.I. 2003). However, after doing so, the Court finds that there is nothing asserted in any of Plaintiff's filings or identified on the Civil Cover Sheet he filed with his original Complaint to suggest that he is attempting to assert such a claim, or that could reasonably be construed to state such a claim.

District Court and the right to appeal the District Court's decision.  See <u>United States v. Valencia-Copete</u>, 792 F.2d  4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).


 /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 6, 2019